IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Allen Negrete,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-09-8001-PCT-ROS<br><br>**ORDER** |

**Background**

On July 1, 2009, Magistrate Judge Burns issued a Report and Recommendation recommending dismissal of Petitioner's Application for Writ of Habeas Corpus with prejudice for failing to state a claim "cognizable on habeas review" (Doc. 11 at 4). On July 6, 2009, Petitioner filed a Motion to Dismiss Without Prejudice (Doc. 12) and, on July 13, 2009, objected to Judge Burn's recommendation dismissing the Application with prejudice (Doc. 13). According to the Motion and Objection, Petitioner intends to re-file an amended Application which would include an ineffective assistance of counsel claim. On July 29, 2009, Respondents responded, arguing amendment would be futile because Petitioner's ineffective assistance claim is unexhausted and procedurally defaulted (Doc. 15). On August 5, 2009, Petitioner replied that the ineffective assistance claim is "an available remedy" currently pending in the state courts (Doc. 16). For the following reasons, Petitioner's

Motion will be denied, the Report and Recommendation will be adopted and the Application will be dismissed with prejudice.

**Discussion**

**1. Standard**

A "district judge may refer dispositive pretrial motions and petitions for writ of habeas corpus to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B); Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the magistrate's report and recommendation. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." Id. (emphasis added). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." Thomas, 474 U.S. at 149; see also U.S. v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise."); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1126 (D. Ariz. 2003) (same).

**2. Dismissal Without Prejudice**

Petitioner's ineffective assistance of counsel claim, the basis for Petitioner's motion for dismissal without prejudice, was raised in Arizona Superior Court via a successive Petition for Post Conviction Relief ("PCR") filed on April 9, 2009 (Doc. 15 Ex. A). On April 24, 2009, the PCR was summarily dismissed for failure to comply with the requirements for successive PCR petitions found in Arizona Rules of Criminal Procedure 32.1 and 32.2 (Doc. 15 Ex. B). Although the summary dismissal has been appealed to the Arizona Court of Appeals (Doc. 15 Ex. C), Petitioner does not explain on what ground the

1 | Court of Appeals will reverse the Superior Court's determination and reach the merits of the PCR, other than with a conclusory statement asserting: "Claims about effective assistance of counsel in the first Rule 32 for pleading defendants are to be raised in a successive Rule 32 . . . The claims cannot be presented in the first Rule 32" (Doc. 16).

Given the disposition of Petitioner's state court proceedings and Petitioner's failure to explain why the pending PCR has any likelihood of being adjudicated on the merits, it is assumed that the state courts will never reach the merits of the PCR and the claims contained therein are procedurally defaulted.[1] See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002) ("If a state court determines that a claim is procedurally barred, we are precluded from reviewing the merits of the claim if the procedural bar is adequate and independent."); Smith v. Stewart, 241 F.3d 1191, 1995 n.2 (9th Cir. 2001) (Rule 32 procedural bar is "regularly followed" and thus an adequate ground for procedural default), *rev'd on other grounds by* Stewart v. Smith, 536 U.S. 856 (2002). While a petitioner may overcome procedural default by showing "cause and prejudice or, alternatively, a fundamental miscarriage of justice," neither Petitioner's Motion nor Objection makes such showing. Beaty, 303 F.3d at 987. Thus, Petitioner's request for dismissal without prejudice, in order to amend the Application, is futile and will be denied.

Accordingly,

---

[1] 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."); Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) (*per curiam*) ("Recognizing that each state is entitled to formulate its own system of post-conviction relief . . . we must credit Arizona's choice. Thus, except in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.").

1     **IT IS ORDERED** Magistrate Burns' Report and Recommendation (Doc. 11) **IS
ADOPTED IN FULL** and Petitioner's Application for Writ of Habeas Corpus (Doc. 1) **IS
DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

    **FURTHER ORDERED** Petitioner's Motion (Doc. 12) **IS DENIED**.

DATED this 27th day of August, 2009.

_____
Roslyn O. Silver
United States District Judge